IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAMCAH-UA LOCAL 675 PENSION FUND, ET AL., | ) CIVIL NO. 24-00082 LEK-WRP ) |
| Plaintiffs, | ) FINDINGS AND ) RECOMMENDATION TO GRANT ) PLAINTIFFS' MOTION FOR |
| vs. | ) ENTRY OF DEFAULT JUDGMENT ) |
| GORDON MECHANICAL LLC, ET AL., | ) ) ) |
| Defendants. | ) ) ) |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for Entry of Default Judgment against Defendant Gordon Mechanical LLC, filed on June 5, 2024 (Motion), ECF No. 17. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. See Minute Order, dated 6/14/2024, ECF No. 19. The Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

BACKGROUND

According to the Complaint, Defendant entered into a collective bargaining agreement to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees and to submit certain paperwork to Plaintiffs so that they could audit the amounts paid by Defendant (Agreement).  See Compl., ECF No. 1, ¶¶ 6, 8-11.  The Agreement required contributions to be paid monthly.  See id. ¶ 11.  Plaintiffs claim that Defendant failed to make the required contributions.  See id. ¶¶ 15-16.  In their Complaint, Plaintiffs sought an order directing Defendant to provide timely reports and contributions as required under the Agreement and an award for unpaid contributions, liquidated damages, and attorneys' fees and costs.  See id. at 10-11.  The Clerk entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) on May 7, 2024.  See Entry of Default, ECF No. 15.  This Motion followed.

DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).

Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Here, the Court has subject matter jurisdiction over Plaintiffs' federal claims. See 29 U.S.C. §§ 185(a), 1132, 1145. The Court has personal jurisdiction over Defendant because Plaintiffs allege that Defendant is a Hawai'i limited liability company doing business in Hawai'i and the claims arise out of that business, see Compl., ECF No. 1, ¶ 6, and indicate that Defendant was served through its managing member, Richard Gordon, a Hawaii resident, see Decl. of Counsel, ECF No. 11, ¶ 4; Proof of Service, ECF No. 13, at 2.

### B. Default Judgment Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate. The court should consider the

following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

See Eitel, 782 F.2d at 1471-72 (the Eitel factors).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)). The allegations as to liability are deemed true, but the plaintiff must establish the relief to which it is entitled. See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs

4

would be without any other recourse for recovery. Accordingly, the first <u>Eitel</u> factor favors default judgment.

## 2. Merits of Plaintiffs' Substantive Claims

For purposes of liability, the factual allegations in the complaint are taken as true on default. See <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18; <u>Fair Hous. of Marin</u>, 285 F.3d at 906. Here, the allegations in Plaintiffs' Complaint, taken as true, establish that Plaintiffs are entitled to default judgment against Defendant.

In the Complaint, Plaintiffs assert claims against Defendant for unpaid contributions, liquidated damages, and attorneys' fees and costs owed to Plaintiffs under the terms of the Agreement and relevant statutes. <u>See</u> 29 U.S.C. §§ 1132(a), (g), 1145; <u>see also</u> Compl., ECF No. 1, ¶¶ 13-22. Plaintiffs allege that the terms of the Agreement require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees. <u>See</u> Compl., ECF No. 1, ¶¶ 15-16. <u>id.</u> Plaintiffs allege that the terms of the Agreement also provide that if Defendant fails to pay the required contributions, Defendant is also required to pay liquidated damages and attorneys' fees and costs. <u>See id.</u> ¶¶ 14, 17, 19. Plaintiffs allege that Defendant failed to pay the required contributions from October 2023 through December 2023. <u>See id.</u> ¶¶ 15, 16.

After considering the allegations in the Complaint, this second factor weighs in favor of default judgment because the allegations, taken as true, are

sufficient to establish Plaintiffs' claims.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint and the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). In their Complaint, Plaintiffs sought to recover for unpaid contributions totaling $586,126.39, in addition to liquidated damages and attorneys' fees and costs. See Compl., ECF No. 1, ¶¶ 15, 16, 19. However, in their Motion, Plaintiffs only seek to recover $76,630.95 in liquidated damages and $1,613.69 in attorneys' fees and costs. See Mot., ECF No. 17, at 8-10. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to pay the required contributions. The Court finds that this factor too weighs in favor of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

The well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair opportunity to defend this action

and has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, this factor favors default judgment.

**6.     Whether Default was Due to Excusable Neglect**

Plaintiffs served Defendant through its managing member on April 12, 2024. See Proof of Service, ECF No. 13. Defendant did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendant with notice of this Motion on July 2, 2024. See Certs. of Service, ECF Nos. 20, 23. Despite ample notice of this lawsuit and Plaintiffs' intent to seek default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of excusable neglect, but rather due to its conscious and willful decision not to defend this action. This factor too favors default judgment.

**7.     Policy Favoring Decisions on the Merits**

Defendant's default renders a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court

from entering default judgment against Defendant.

### 8. Totality of <u>Eitel</u> Factors

Accordingly, the Court finds that the totality of the <u>Eitel</u> factors weighs in favor of entering default judgment against Defendant.

### C. Remedies

Although Defendant's default establishes liability, it does not establish all relief to which Plaintiffs are entitled.  <u>See</u> <u>Fair Hous. of Marin</u>, 285 F.3d at 906.  Plaintiffs must provide evidence to support their requested relief and that relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Plaintiffs request $76,630.95 in liquidated damages and $1,613.69 in attorneys' fees and costs.  <u>See</u> Mot., ECF No. 17, at 8-10.  Each category of requested relief is addressed below.

### 1. Liquidated Damages

Plaintiffs seek liquidated damages of $76,630.95, which is itemized in the Summary of Delinquent Contributions and Liquidated Damages, attached to the declaration of Erinn Liu, Administrator for the PAMCAH-UA Local 675 Administrative Office.  <u>See</u> Decl. of Erinn Liu, Ex. C, ECF No. 17-3.  The Agreement provides that "[t]he Employer responsible for such delinquent contribution shall pay damages to the Trust in the amount of 10% of such

8

delinquent contributions or $20.00, whichever is greater, for each and every month that such contribution is delinquent." Decl. of Erinn Liu, Ex. B, ECF No. 17-2 at 71. In addition, 29 U.S.C. § 1132(g)(2) provides that Plaintiffs are entitled to recover "liquidated damages provided for under the plan in an amount not in excess of 20 percent" of unpaid contributions. Although the amount sought by Plaintiffs is not 10% of the unpaid contributions alleged in the Complaint as permitted under the Agreement, Plaintiffs explain that the liquidated damages were calculated at the time the delinquency occurred, which was when the liquidated damaged accrued. See Decl. of Erinn Liu, ECF No. 17, at 12-13 ¶ 6. Further, Plaintiffs state that although Defendant may have made partial contribution payments after the due date, those payment would only have reduced the outstanding contribution amount but would not have changed the balanced owed of liquidated damages. See id. Based on the evidence presented by Plaintiffs, the Court finds Plaintiffs are entitled to liquidated damages in the amount of $76,630.95.

### 2.   Attorneys' Fees and Costs

Plaintiffs request an award of $1,613.69 in attorneys' fees and costs. See Mot., ECF No. 17, at 9-10. An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. The Agreement requires Defendant to pay "all court

costs and reasonable attorney's fees of 25% of the total amount of contributions and damages due" related to collection of delinquent contributions.  See Decl. of Erinn Liu, Ex. B, ECF No. 17-2 at 71.  Reasonable attorney's fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).

      Here, Plaintiffs request $1,613.69 for attorneys' fees, taxes, and costs.  See Decl. of Carolyn E. Hayashi, ECF No. 17, at 15, ¶ 3.  First, the Court has reviewed the timesheets submitted by Plaintiffs' counsel and finds that the hours requested (totaling 3.3 hours) are reasonable.  See Invoices, ECF No. 17-4.  Second, Plaintiffs' counsel, Carolyn M. Oshiro, Esq. and Carolyn E. Hayashi, Esq., both have over 30 years of experience and request $275 per hour.  See Decl. of Carolyn E. Hayashi, ECF No. 17, at 15, ¶ 5.  Based on the Court's knowledge of the community's prevailing rates, the nature of the underlying litigation, and counsel's submissions, the Court finds that the hourly rate requested is reasonable.  Accordingly, the Court finds that the requested attorneys' fees and requested general excise taxes on those fees are reasonable.  See Invoices, ECF No. 17-4.  Plaintiffs also request costs for filing fees and process server fees.  See id. at 5, 7.  The Court finds that the costs requested by Plaintiffs are reasonable.  In total, the

Court recommends that the district court award $1,613.69 in attorneys' fees, taxes, and costs.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion for Entry of Default Judgment against Defendant be GRANTED as follows:

(1) The district court GRANT Plaintiffs' request for default judgment against Defendant;

(2) The district court AWARD Plaintiffs damages in the amount of $76,630.95 for liquidated damages and $1,613.69 in attorneys' fees, taxes, and costs against Defendant.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 7, 2024.



_____
Wes Reber Porter
United States Magistrate Judge

**PAMCAH-UA LOCAL 675 PENSION FUND, ET AL., v. GORDON MECHANICAL LLC, ET AL.; CIVIL NO. 24-00082 LEK-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**